# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTINA BAIN GOLEM,<br>    Plaintiff,<br><br>         v.<br><br>STANDARD INSURANCE<br>COMPANY, et al.,<br>    Defendant. | CV 21-6947 DSF (RAOx)<br><br>Order GRANTING Motion to<br>Remand (Dkt. 14) |

Plaintiff Kristina Bain Golem moves to remand this action to Los Angeles Superior Court. Dkt. 14. Defendant Standard Insurance Company opposes. Dkt. 15. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. For the reasons stated below, Golem's motion to remand is GRANTED.[1]

## I. BACKGROUND

Golem is an individual residing in the State of California. Dkt. 1, Ex. 1 (Compl.) ¶ 1. Standard is an Oregon corporation with its principal place of business in Portland, Oregon. Id. ¶ 2. The City of Los Angeles is located in the County of Los Angeles, California. Id. ¶ 3.

Standard issued a group accidental death and dismemberment policy (the Policy) to the City, covering City employees who elected and paid for the coverage. Id. ¶ 5. Employees who were covered by the Policy were provided with a certificate listing the terms and conditions

---

[1] The unopposed requests for judicial notice are granted.

of the Policy. Id. ¶ 6. Golem's late husband, Adam Golem (the Decedent), was covered by the Policy, which provided him with $500,000 in accidental death and dismemberment insurance. Id. ¶¶ 5, 7-8. The Policy issued to the Decedent provided in part that Standard would pay benefits if he or his dependent "have an accident" resulting in a loss while insured under the Policy. Id. ¶ 8. The Policy defined loss as "loss of life, hand, foot, sight, speech, hearing in both ears, thumb and index finger of the same hand, coma, and Uniplegia, Quadriplegia, Hemiplegia, or Paraplegia" that is (1) "caused solely and directly by an accident"; (2) "[o]ccurs independently of all other causes"; and (3) [o]ccurs within 365 days after the accident." Id. The Policy excluded coverage if the accident or loss was caused by "[s]ickness or pregnancy existing at the time of the accident or exposure" or "[h]eart attack or stroke." Id.

The Decedent died on November 25, 2020 while snorkeling in Hawaii. Id. ¶ 12. The autopsy report concluded that he died "as a result of an accident, drowning, and that a cardiac arrhythmia 'may have' contributed to the accidental death." Id. Golem made a claim under the Policy, but on May 11, 2021, Standard issued a letter to Golem denying coverage because "Mr. Golem's medical conditions contributed to his death." Id. ¶¶ 13-14.

Golem brought this action in Los Angeles Superior Court on July 27, 2021, bringing claims against Standard for breach of contract and breach of the implied covenant of good faith and fair dealing and against the City for negligence and breach of fiduciary duty. Id. ¶¶ 18-52. On August 27, 2021, Standard removed this action from Los Angeles Superior Court to this Court on the basis of diversity jurisdiction. Dkt. 1 ¶ 5. Standard removed this action without joinder from the City on the grounds that the City had not yet been served and is a sham defendant. Id. ¶¶ 3-4. On October 27, 2021, Golem served the City. Dkt. 19.

## II. LEGAL STANDARD

### A. Removal

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by [the] Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Generally, a case may be removed on the basis of diversity of citizenship if the amount in controversy exceeds $75,000 and the plaintiff and defendant are citizens of different states. 28 U.S.C. § 1332(a). But cases may not be removed on the basis of diversity of citizenship "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

"The defendant bears the burden of establishing that removal is proper." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). Generally, doubts as to removability are resolved in favor of remanding the case. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109 (1941); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

### B. Fraudulent Joinder

A fraudulently joined defendant is ignored when determining if removal was proper. Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). A defendant is fraudulently joined if "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).

"[T]he test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent." Grancare, LLC v. Thrower, 889 F.3d 543, 549 (9th Cir. 2018). In evaluating a claim of fraudulent joinder, "a federal court must find that a defendant was properly joined and remand the case to state court if there is a '*possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants.'" Id. (quoting Hunter v. Philip Morris USA,

3

582 F.3d 1039, 1044 (9th Cir. 2009)). In this inquiry, "the district court must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." Id. at 550.

### III. DISCUSSION

Golem contends removal was improper because there is no diversity jurisdiction on the grounds that the City was not fraudulently joined. Mot. at 1. Standard argues the City "is a fraudulently-joined 'sham' defendant because Plaintiff has no potential for recovery against the City in this lawsuit." Opp'n at 1. Specifically, Standard argues (1) Golem prematurely filed this action in violation of the Government Claims Act; (2) the City is immune from liability; (3) Golem cannot state a claim against the City; and (4) removal was proper because the City had not yet been served at the time of removal, and Golem still has not served the City. Id.

"[F]raudulent joinder claims can be resolved by piercing the pleadings and considering summary judgment-type evidence such as affidavits and deposition testimony." Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 263 (5th Cir. 1995) (internal quotation marks and citations omitted); see Morris, 236 F.3d at 1068.

### A.   Liability Under Government Claims Act

Standard argues Golem cannot establish liability against the City because she failed to comply with the Government Claims Act and because the City and its employees are immune from liability under the Act. Opp'n at 5, 7.

#### 1.   Premature Filing of Lawsuit

Under the Government Claims Act, a plaintiff must present a claim for money or damages before pursuing a lawsuit against a local public entity. Cal. Gov't. Code §§ 900.4, 905. The claim must be timely presented and must be made within six months for a tort claim and not later than one year after the accrual of the cause of action. Id. § 911.2. The failure to do so bars the plaintiff from bringing suit against the entity. Id. § 945.4. Additionally, a plaintiff may not bring a lawsuit

4

against the entity "until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board." Id.

"Where compliance with the [Government] Claims Act is required, the plaintiff must allege compliance or *circumstances excusing compliance*, or the complaint is subject to general demurrer." Mangold v. Cal. Pub. Utilities Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995) (emphasis added); see also State of Cal. v. Super. Ct., 32 Cal. 4th 1234, 1239 (2004) ("[F]ailure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to a demurrer for failure to state a cause of action.").

Standard argues Golem has failed to meet the requirements of the Act because "Plaintiff failed to file a claim with the City that was rejected before filing suit against the City." Mot. at 6. Golem alleges in the Complaint that she "has timely filed a government tort claim against the City and is awaiting the expected rejection of that claim." Compl. ¶ 52. The City rejected Golem's claim on August 30, 2021, Dkt. 18 (Ex. 4), after Golem filed suit in Los Angeles Superior Court. These facts suggest Golem has not complied with the presentation requirement of the Act. However, there remains a possibility that Golem could prevail after amending her complaint to allege facts that constitute compliance with the presentation requirement, such as that her claim was deemed to have been rejected by the board, or circumstances excusing compliance. See Cal. Gov't. Code § 954.2.

The parties dispute the applicability of the ruling of the California Court of Appeal in Lowry v. Port San Luis Harbor Dist., 56 Cal. App. 5th 211 (2020), review denied (Jan. 27, 2021), in which the Court of Appeal held that the plaintiffs' filing of a lawsuit against a public entity violated the Government Claims Act "because he filed a complaint before his claim was rejected." Id. at 219. While the failure in Lowry was fatal to the plaintiff's suit, the procedural posture of the instant action does not mandate the same result. The applicable standard here is whether there is a *possibility* Golem can establish

5

liability – and the Court finds there are facts that if true, Golem could assert to establish she satisfied the presentation requirement.

### 2. Vicarious Liability

"A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative." Cal. Gov't Code § 815.2(a). However, "a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability." Id. § 815.2(b).

"[A] public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused." Cal. Gov't Code § 820.2. "[I]nstead of interpreting 'discretionary' literally, the focus should be on the policy considerations underlying the governmental entity's claim of immunity." Steinle v. City & Cnty. of San Fran., 919 F.3d 1154, 1160-61 (9th Cir. 2019). Specifically, discretionary functions are those that involve "*basic policy decisions* which have been expressly committed to coordinate branches of government." Id. at 1061 (quoting Caldwell v. Montoya, 10 Cal. 4th 972, 981 (1995)). "On the other hand, there is no basis for immunizing lower level decisions that merely implement a basic policy already formulated." Barner v. Leeds, 24 Cal. 4th 676, 685 (2000).

Golem cites the minutes of the July 15, 2021 Joint Labor-Management Benefits Committee meeting, which she states "identifies specific committee members responsible for the decision to renew the accidental death and dismemberment policy issued by Standard to the City." Mot. at 17; Dkt. 14-2, Ex. 3 at 3. The Court finds this is sufficient to establish the decision to renew was a "lower level decision" that does not immunize the decisionmaker because it was simply a decision to renew the Policy. See Leeds, 24 Cal. 4th at 685. These facts suffice to raise the possibility that the state court could find the

6

employees responsible for the decision to renew the Policy were not immune from liability, and as a result, that the City is vicariously liable for their actions. To the extent Golem fails to allege these facts in her Complaint, including which City employees were responsible for the decision to renew the Policy, the Court finds this can be cured by amendment.

Standard also appears to argue Golem has not identified a statute under which the City is liable in tort. Opp'n at 7. However, in the Complaint, Golem alleges she has filed a "government tort claim against the City," Compl. ¶¶ 44, 52, and the Court finds this is allegation is sufficient to establish that Golem has alleged a specific statute, the Government Claims Act, under which the City is liable.

### B. Possibility of Prevailing in State Court

If Standard can establish there is no possibility a state court could find Golem can prevail on her negligence and breach of fiduciary duty claims against the City, then remand is not appropriate.

To establish negligence under California law, a plaintiff must prove (1) a legal duty to use due care, (2) a breach of such legal duty, and (3) the breach is the proximate or legal cause of the resulting injury. Beacon Residential Cmty. Assn. v. Skidmore, Owings & Merrill LLP, 59 Cal. 4th 568, 573 (2014). To establish a claim for breach of fiduciary duty, Golem must prove (1) the existence of a fiduciary duty, (2) breach of that duty, and (3) damage proximately caused by the breach. IIG Wireless, Inc. v. Yi, 22 Cal. App. 5th 630, 646 (2018).

Standard argues Golem cannot establish the duty and causation requirements for either claim. Opp'n at 12, 16-17. The Court disagrees.

In support of its arguments that the City had a duty of care, Golem cites Madden v. Kaiser Foundation Hospitals, 17 Cal. 3d 699, 705 (1976) for the proposition that employers owe a duty of care to their employees in negotiating and procuring group health insurance. Mot. at 7-8. In Madden, the California Supreme Court held the Board of

Administration of the State Employees Retirement System was given authority by state statute to "negotiate contracts for group medical plans for state employees" and that "[i]n negotiating such agreements and amendments the board acts as the agent or representative of the employees." Madden, 17 Cal. 3d at 705. "An agency relationship is a fiduciary one, obliging the agent to act in the interest of the principal." Engalla v. Permanente Med. Grp., Inc., 15 Cal. 4th 951, 977 (1997), as modified (July 30, 1997).

Golem alleges the City negotiated the Policy with Standard "for the benefit of [the City's] employees." Compl. ¶ 34. Golem further alleges the City had a fiduciary duty to its employees because of its (1) "undertaking to make life insurance available for its employees"; (2) "negotiation with and selection of Standard as the insurer to provide various life insurance products"; and (3) "promotion of those products on behalf of Standard." Id. ¶ 40. Because Golem has alleged that the City negotiated with Standard on behalf of its employees and procured insurance through Standard, she has alleged facts that establish the possibility a state court could find the City had a fiduciary duty.

Standard also argues Golem cannot establish causation because she "cannot plead facts to support that the City's alleged conduct was a substantial factor in causing Standard's denial of the benefit claim." Opp'n at 15. In particular, Standard argues Golem does not allege the City was involved with Standard's decision not to provide benefits, and Golem would not have been covered under the Policy in any event. Id. However, Golem makes several allegations that support a finding of causation. First, Golem alleges "[t]he City violated its duty of reasonable care by using Standard as the insurer" for the Policy "and by promoting that coverage to its employees for their peace of mind despite knowledge that Standard was ignoring California law when deciding claims to the detriment of the employee's beneficiaries." Compl. ¶ 41. Further, Golem alleges "the City knew or should have known that Standard would not follow California law's proximate cause test for an 'accident' when a pre-existing illness may have contributed

to a death" and that despite this knowledge, the City[2] failed to negotiate this issue with Standard, terminate the Policy and seek insurance from a different insurer, or amend the Policy.  Id.  Golem argues these acts or omissions by the City resulted in Standard's denial of her claim, Golem's loss of benefits under the Policy, and Golem's physical and mental suffering.  Id. ¶¶ 42-43.  The Court finds these allegations, if true, would establish proximate cause.

Because Standard has not met its burden of establishing there is no possibility Golem can prevail on her claims against the City, the Court finds remand is appropriate.

## IV. CONCLUSION

Golem's motion to remand is GRANTED.  The case is REMANDED to the Superior Court of California, County of Los Angeles.

IT IS SO ORDERED.

Date: November 15, 2021

/s/ Dale S. Fischer

Dale S. Fischer
United States District Judge

---

[2] In paragraph 41 of the Complaint, Golem alleges "Standard never raised or sought to negotiate these issues as part of the group policy's annual renewal." While this sentence on its face refers to Standard, the Court concludes this is a clerical error and that Golem intended to refer to the City.